(87 App. Div. 299.)

KELLY et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—SEWERS—WARRANTIES.

A drawing annexed to specifications for the construction of a sewer showed the location of the sewer, and a line extending the entire length thereof was marked, "Probable surface of rock as shown by borings." The specifications stated that rod soundings had been made to ascertain the position of the rock, and declared that if the location of the rock differed from that indicated the contractor should have no claim for damages on that account, and stipulated that the municipality did not warrant the indication of the tests to be correct. The advertisement provided that the bidders should satisfy themselves by personal examination of the accuracy of the estimates of the engineer. The proposed contract for the work provided that the contractor would make no claim

because of a difference between the quantities of the various classes of work actually done and estimated. *Held*, that the contractor could not rely on the drawing as a warranty as to the depth at which rock would be found.

Exceptions from Trial Term, New York County.

Action by James R. F. Kelly and another against the city of New York. Motion for new trial on exceptions to the dismissal of the complaint at the close of plaintiffs' case at trial term, and heard in Appellate Division in first instance. Exceptions overruled, and judgment dismissing the complaint ordered.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Louis Marshall, for the motion.
Chase Mellen, opposed.

LAUGHLIN, J. On the 20th day of August, 1899, the aqueduct commissioners advertised for sealed proposals "for building overflow and blow-off sewers, water pipes, and appurtenances in connection with the Jerome Avenue Reservoir of the New Croton Aqueduct, in the 24th Ward of the borough of the Bronx, of the city of New York, and particularly for a sewer on East 204th street, in said city." The plaintiffs, who are experienced sewer contractors, submitted a proposal. The contract was awarded to them, and was signed on the 20th day of September, 1899. The plaintiffs performed the work and have been paid therefor in full. This action is brought on an alleged breach of warranty on the part of the defendant as to the depth at which rock would be found in making the excavation for the sewer in East 204th street. It is not the usual complaint that more rock was found than was estimated, but quite the reverse. The plaintiffs claim that quicksand was encountered where it was represented to them that they would find rock, and that it was more difficult and expensive to excavate the quicksand than rock. Furthermore, they claim that they counted upon the rock, which they were led to believe would be encountered in the excavation for the sewer, for constructing the masonry required to support the sewer. Printed copies of the advertisement for proposals, of the proposed form of contract, of the specifications, and of certain profiles or drawings annexed thereto, were delivered to the plaintiffs before they presented their proposal. One of the drawings or profiles showed, among other things, the location of the sewer with reference to the surface of the street, and divided it into sections. It also showed a convoluted dotted line extending the entire length of the sewer marked, "Probable surface of rock as shown by borings." This line was above the bottom of the sewer for perhaps half the distance, and at a few points it came above the top of the sewer for a very short distance. Some rock was encountered in the construction of the sewer, but considerably less than would have been found had this line indicated the true line of the rock. The evidence shows that there is a difference between "soundings" and "borings." The former indicates that tests have been made at intervals by driving a bar into the earth, while "borings" indicates that a hole has been bored which

would show the character of the soil, and indicate clearly at what depth rock was encountered and the character of the rock. The plaintiffs contend that they relied upon the representation contained on this drawing or profile, and that it constituted a warranty that the line of rock was as there indicated. The defendant contends that the word "borings" was inserted on the drawing or profile by mistake, and that the plaintiffs were not, in view of certain express provisions of the specifications, justified in inferring that borings had been actually made. The advertisement for proposals required bidders to state the price per cubic yard for excavating earth and for excavating rock, and provided, among other things, as follows:

"Bidders must satisfy themselves by personal examination of the location of the proposed work, and by such other means as they may prefer, as to the accuracy of the foregoing estimates of the engineer, and shall not, at any time after the submission of an estimate, dispute or complain of such statement or estimate of the engineer, nor assert that there was any misunderstanding in regard to the nature or amount of the work to be done."

The proposed contract contained the following provision:

"It is expressly understood and mutually agreed by the parties hereto that the quantities of the various classes of work to be done and materials to be furnished under this agreement, which have been estimated as stated in the advertisement attached hereto, are approximate, and only for the purpose of comparing, on a uniform basis, the bids offered for the work under this contract; and the contractor further agrees that neither the parties of the first part, nor the aqueduct commissioners, or any of them, are to be held responsible that any of the said estimated quantities shall be found even approximately correct in the construction of the work; and that the said parties of the second will make no claim for anticipated profits, or loss of profits, because of a difference between the quantities of the various classes of work actually done, or of materials actually delivered, and the estimated quantities stated in the bids; and the contractor hereby undertakes and agrees that he will complete the entire work to the satisfaction of the aqueduct commissioners, and in accordance with the specifications and plans herein mentioned, at the prices herein agreed upon and fixed therefor, except for such extra work as may be required, for the prior performance of which written orders may be received as hereinafter specified."

The second subdivision of the specifications was as follows:

"Some rod soundings have been made to ascertain the position of the rock where this work is to be built, and the result of these tests has been shown on the plans. Should the location of the rock be found to differ from what is indicated, the contractor shall have no claim on that account, and it is expressly understood that the corporation of the city of New York does not warrant the indication of the tests to be correct."

It is quite clear that the provision of the specifications last quoted refers to the drawing or profile upon which the plaintiffs base their claim of warranty. It is expressly stated in the specifications, not that borings have been made, but that some rod soundings have been made to ascertain the location of the rock, and it is stated that the result of these tests has been shown on the plans. It is further expressly stipulated that, should the location of the rock be different from that thus indicated, the contractor shall have no claim against the city on that account, and it is further expressly understood that the city does not warrant the indication of the tests to be correct. This disclaimer of warranty relates expressly to the convoluted line

which the plaintiffs claim constitutes a warranty of the true location of the rock. It is quite clear in these circumstances that the plaintiffs were not justified in relying upon the drawing or profile as containing a warranty as to the depth at which rock would be found.

The complaint was therefore properly dismissed, and the exceptions should be overruled, and judgment ordered dismissing the complaint, with costs. All concur.